UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Thomas J. Savoca, | ) | CASE NO. 1:19 CV 14 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| Scott Wilson, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

**Introduction**

*Pro se* plaintiff Thomas J. Savoca, a federal prisoner incarcerated at USP Hazelton in West Virginia, has filed an *in forma pauperis* civil complaint in this matter against multiple defendants, alleging he seeks "exculpatory evidence" in connection with his criminal case.[1] (Doc. No. 1 at 4). For the reasons stated below, his complaint is dismissed.

**Background**

In 2004, a jury in this district convicted Savoca of conspiracy to commit bank robbery, armed bank robbery, and possession of a firearm in connection with a crime of violence. On

---

[1] Savoca has listed the following individuals as defendants: Sean R. O'Neill Chief Administrative Staff; Scott Wilson FBI; Jack Remally FBI; Gary Arbeznik U.S. Attorney; Susan Arnold U.S. Attorney; Josh Hank U.S. Attorney; Mary Stanley U.S. Magistrate; Traders Bank "employees known and unknown"; and Carlo Santos Ripley Police Department. (*Id.*)

November 18, 2004, this Court sentenced Savoca to 927 months' imprisonment or, alternatively, seventy years' imprisonment in anticipation that federal sentencing guidelines would become advisory. Savoca's conviction was affirmed on appeal, and the Court of Appeals remanded the case solely to allow the Court to enter its alternative sentence. *United States v. Savoca*, No. 04-4435, 166 F. App'x 183 (6th Cir. Jan. 18, 2006). Savoca was also found guilty of multiple crimes in West Virginia.

Sacova filed a motion to vacate, set aside, or correct his sentence in this Court pursuant to 28 U.S.C. § 2255. He raised multiple grounds, including that the government fabricated a videotape shown at trial depicting a gold van driving erratically. This Court denied Savoca's § 2255 motion and found he offered no evidence to support his allegation that the government's videotape was fabricated. The Sixth Circuit denied him a certificate of appealability, finding he had not made a substantial showing of the denial of a federal constitutional right. *Savoca v. U.S.*, 567 F.3d 802, 803 (6th Cir. 2009). Savoca also filed a § 2255 motion in connection with his convictions in the Southern District of West Virginia, which was denied. *See Savoca v. U.S.*, No. 2: 06-00572, 2008 WL 2725092, at *2 (S.D.W.Va. July 11, 2008) ("Movant's allegations of fraud and fabricat[ed evidence] are utterly spurious and do not merit the evidentiary hearing he seeks.").

Additionally, Savoca filed a petition for a writ of mandamus in the Sixth Circuit, alleging the government withheld exculpatory evidence in his criminal case in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The Sixth Circuit dismissed this petition as well, finding Savoca had alternative means to raise a *Brady* argument, either in his direct appeal or his § 2255 motion. (*See* Doc. No. 1-3.)

The only "statement of claim" Savoca makes in his complaint in this case is that he is

claiming "exculpatory evidence" under the Freedom of Information Act ("FOIA"). (Doc. No. 1 at 4.) Savoca does not specifically describe in his complaint the "evidence" he seeks. He merely indicates he seeks evidence he previously sought, and was denied, in connection with his criminal case via his petition for a writ of mandamus. (*See id.* at 4-5.) Nor does Savoca allege in his complaint what steps he took to obtain information under FOIA. He merely submits with his complaint a February 2014 letter from U.S. Department of Justice Administrative Appeals Chief Sean R. O'Neill, affirming the Federal Bureau of Investigation's denial of a request he made for access to law enforcement records regarding a third party. (*See* Doc. No. 1-2.) The letter on its face states that any non-public records Savoca sought from the FBI were categorically exempt from disclosure under 5 U.S.C. § 552(b)(7)(C), and that Savoca had not produced evidence supporting a reasonable belief of government impropriety in connection with records he sought.

In addition to his complaint, Savoca has filed multiple motions in this case, including motions to be "brought forth" to Cleveland for hearing (Doc. Nos. 5, 11), a "Motion in Support of Law Suite" (Doc. No. 6), a "Motion for Summary Judgment," (Doc. No. 7), a Motion to "Reconsider" a ruling of a Magistrate (Doc. No. 8), and a Motion to Correct Record (Doc. No. 9).

**Standard of Review**

Although the standard of review for *pro se* pleadings is liberal, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "the lenient treatment generally accorded pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are required, under 28 U.S.C. §1915(e)(2)(B), to screen all *in forma pauperis* complaints brought in federal court, and to

3

dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §1915(e)(2)(B)). The plaintiff's "[f]actual "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In addition, it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See id.*, 550 U.S. at 545 (in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of his claim and the grounds on which it rests).

## Discussion

Even according Savoca's complaint the deference to which a *pro se* pleading is entitled, it fails to state any plausible claim and must be dismissed pursuant to § 1915(e)(2)(B).

Savoca's unclear and conclusory allegations do not reasonably suggest he has any plausible claim for "evidence" under FOIA or otherwise as against any defendant in the case. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint state a claim for relief). Further, FOIA claims are only applicable as against "federal agencies," and Savoca has not named any federal agency as a defendant. *Hale v. Schaefer*, 201 F.3d 440, 1999 WL 1253094, at *1 (6th Cir.1999) (affirming *sua sponte* dismissal of FOIA action brought against state court judge and state prosecuting attorneys). The individuals Savoca sues are not proper defendants.

4

Finally, FOIA confers jurisdiction on district courts "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). "Under 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *United States Dept. of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).

Savoca does not make cogent, discernible allegations in his complaint – or in his multiple additional filings and motions – plausibly suggesting the required components of a FOIA claim.

Complaints filed under 5 USC § 552 are not intended to provide a vehicle to re-argue criminal cases but rather to show whether an agency improperly withheld agency records. *See Rugiero v. U.S. Dept. of Justice*, 257 F.3d 534, 547 (6th Cir. 2001) ("a FOIA request is not a substitute for the normal process of discovery in civil and criminal cases"). Savoca's allegations do not support a plausible inference that a federal agency improperly withheld agency records or that he made a valid FOIA request. Rather, it is apparent that Savoca is merely attempting use FOIA as a vehicle to re-argue his criminal case. His complaint on its face fails to state a plausible claim.

**Conclusion**

Accordingly, the plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915(e)(2)(B), and all of his remaining motions are denied as moot. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

5

IT IS SO ORDERED.

                                              <u>S/John R. Adams 6/4/19</u>
                                              JOHN R. ADAMS
                                              UNITED STATES DISTRICT JUDGE